NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMBROCIO PERALTA
VALDEZ; ZIDEISY GONZALEZ
LEYVA; SAMUEL PERALTA
GONZALEZ,

                Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No. 23-1714

Agency Nos.
A208-920-619
A208-920-561
A208-920-562

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2024[**]
Pasadena, California

Before: BYBEE, IKUTA, and BADE, Circuit Judges.

Petitioners Ambrocio Peralta Valdez, Zideisy Gonzalez Leyva, and Samuel

Peralta Gonzalez—natives and citizens of Mexico—petition for review of the

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Board of Immigration Appeals' (BIA) dismissal of their appeal of an Immigration Judge's (IJ) decision denying their applications for asylum, statutory withholding of removal, and relief under the Convention Against Torture (CAT). "Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012). We review the agency's factual findings for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. Petitioners challenge the agency's determination that they failed to demonstrate a nexus between their past harm or feared future harm and their membership in a particular social group. Petitioners alleged membership in four proposed particular social groups: (1) "returnee[s] to Mexico from the United States," (2) "Mexicans who have affirmatively opposed and reported to authorities Mexican cartel operations," (3) "family" of Peralta, and (4) for one of the Petitioners, Gonzalez, "women in Mexico." The agency assumed the particular social groups were cognizable but determined that Petitioners' membership in any proposed group was neither "a reason" nor "one central reason" for their past or feared future harm in Mexico. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017).

Substantial evidence supports the agency's finding that Petitioners

experienced harm and fear future harm by individuals who were, or would be, motivated by financial gain. Petitioners testified that they were mugged and extorted by unidentified individuals in Mexico and that they fear harm by those same individuals if returned. Petitioners believed they were extorted because their jobs and home may have given the impression that they "had money." They were not aware of any organized criminal groups in their hometown. Petitioners have not pointed to any record evidence that links the harm they experienced to the cartels or to their proposed particular social groups. Petitioners' general "desire to be free from harassment by criminals motivated by theft or random violence . . . bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Petitioners rely heavily on country reports and news articles evidencing widespread violence against women in Mexico and the abuse of returning deportees by the cartels. But this evidence does not show that the unidentified individuals whom Petitioners fear would be motivated to harm them because they belong to one of their proposed particular social groups.[1] *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023) ("The reasons needed to prove a

---

[1] Petitioners' argument that the country reports provide the evidence "found missing" in *Ramirez-Munoz v. Lynch*, 816 F.3d 1226 (9th Cir. 2019), is unavailing because *Ramirez-Munoz* concerned whether a particular social group was cognizable, not nexus, and the agency assumed cognizability here. *See* 816 F.3d at 1229.

nexus refer to the persecutor's motivations for persecuting the petitioner."). Nor do Petitioners show that the agency failed to consider Gonzalez's claim that she will face gender-based harm in the future based on evidence of country-wide violence against women. The agency expressly considered all the evidence and testimony and concluded that none of Petitioners' proposed social groups bears a nexus to the harm they fear.

The agency's no-nexus determination is dispositive of Petitioners' claims for asylum and withholding of removal. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016). We therefore decline to address their arguments regarding past persecution, a pattern or practice of persecution, and internal relocation.

2.      Petitioners challenge the agency's determination that they are ineligible for CAT relief because they presented only a speculative fear of torture lacking the requisite degree of state action.[2] "To qualify for relief under CAT, [a petitioner] must demonstrate that it is more likely than not that he [or she] would be tortured . . . 'by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (quoting 8 C.F.R. § 1208.18(a)(1)).

Substantial evidence supports the agency's determination that Petitioners are

---

[2] Petitioners do not challenge the agency's determination that they did not experience past torture.

ineligible for CAT protection. Petitioners assert that the cartels will subject them to torture, but they rely on "generalized evidence of violence and crime in Mexico [that] is not particular to [them] and is insufficient to meet [the] standard" for CAT protection. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010); *see also B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) ("Generalized evidence of violence in a country is itself insufficient to establish that anyone in the government would acquiesce to a petitioner's torture."). Further, the police's inconclusive investigation of Petitioners' extortion and the lack of resources to patrol Petitioners' home are insufficient to show that the Mexican government would acquiesce in their torture. *See Barajas-Romero*, 846 F.3d at 363; *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Therefore, Petitioners have not shown that they are entitled to CAT protection.

The motion for a stay of removal is denied. The temporary stay of removal is lifted.

**PETITION DENIED.**